SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE
-----------------------------------------------------------------------X
JAMES J. WREST, JOEL B. ZADVORNEY, DAVID G. ZWAWA,

                      *Plaintiffs,*

-*against* -

AMERICAN LAFRANCE, LLC, d/b/a AMERICAN LAFRANCE-LTI and/or AMERICAN LAFRANCE AERIALS, KOVATCH MOBILE EQUIPMENT CORP., SEAGRAVE FIRE APPARATUS, LLC, MACK TRUCKS, INC., PIERCE MANUFACTURING, INC., and FEDERAL SIGNAL CORPORATION.

                      *Defendants.*
-----------------------------------------------------------------------X

Index No.:

Date Filed:

**SUMMONS**

Plaintiffs designate ERIE County as the place of trial

The basis of venue:

**CAUSE OF ACTION AROSE IN ERIE COUNTY**

TO THE ABOVE NAMED DEFENDANTS:

       You are hereby summoned and required to serve upon the plaintiffs' attorneys an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   New York, New York
           September 17, 2014

                                       Yours, etc.,

                                       NAPOLI BERN RIPKA SHKOLNIK, LLP
                                       *Attorneys for Plaintiffs*

                                       */s/ Marc Jay Bern*

                                       _____
                                       Marc J. Bern, Esq.
                                       350 Fifth Avenue, Suite 7413
                                       New York, New York 10118
                                       (212) 267-3700

To:

AMERICAN LAFRANCE, LLC, d/b/a
AMERICAN LAFRANCE-LTI and/or
AMERICAN LAFRANCE AERIALS
c/o Corporation Service Company
2704 Commerce Drive, Suite B
Harrisburg, PA  17110

KOVATCH MOBILE EQUIPMENT
CORPORATION
One Industrial Complex
Nesquehoning, PA  18240

SEAGRAVE FIRE APPARATUS, LLC
c/o CT Corporate Systems
116 Pine Street
Suite 320
Harrisburg, PA  17101

MACK TRUCKS, INC.
2100 Mack Blvd.
Allentown, PA 18103

PIERCE MANUFACTURING, INC.
P.O. Box 2017
Appleton, WI 54912

FEDERAL SIGNAL CORPORATION
1415 W. 22nd Street, Suite 1100
Oak Brook, IL 60523

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE
------------------------------------------------------------------------X
JAMES J. WREST, JOEL B. ZADVORNEY, DAVID G. ZWAWA,

         *Plaintiffs,*

-against -

AMERICAN LAFRANCE, LLC, d/b/a
AMERICAN LAFRANCE-LTI and/or
AMERICAN LAFRANCE AERIALS, KOVATCH MOBILE
EQUIPMENT CORP., SEAGRAVE FIRE APPARATUS,
LLC, MACK TRUCKS, INC., PIERCE
MANUFACTURING, INC., and FEDERAL SIGNAL
CORPORATION.

         *Defendants.*
-------------------------------------------------------------------------------X

Index No.:
Date Filed:

**VERIFIED COMPLAINT**
*JURY TRIAL DEMANDED*

Plaintiffs designates ERIE County as the place of trial

The basis of venue: **Cause Of Action Arose In ERIE County**

  Plaintiffs James J. Wrest, Joel B. Zadvorney, and David G. Zwawa by and through their attorneys, for their Complaint against the defendants, allege as follows:

## THE PARTIES

  1. Plaintiff, James J. Wrest, is an adult individual residing at 1200 North French, Amherst, New York, who has been employed by the City of Buffalo Fire Department since 1988.

  2. Plaintiff, Joel B. Zadvorney, is an adult individual residing at 65 Lawrence Place, Orchard Park, New York, who has been employed by the City of Buffalo Fire Department since 1996.

  3. Plaintiff, David G. Zwawa, is an adult individual residing at 3535 Heatherwood Dr., Hamburg, New York, who has been employed by the City of Buffalo Fire Department since 1986.

  4. Defendant American LaFrance, LLC, d/b/a/ American LaFrance-LTI and/or

3

American LaFrance Aerials (hereinafter jointly ALF) is a corporation organized and existing under the laws of the State of Delaware that maintains a principal place of business located at 64 Cocalico Creek Road, Ephrata, Pennsylvania.

5. Defendant ALF is a foreign corporation duly authorized to conduct business in the State of New York.

6. Defendant ALF is a corporation doing business in the State of New York.

7. Defendant ALF is organized, existing and/or doing business in the State of New York, pursuant to the laws of New York.

8. That at all times mentioned herein, defendant ALF, transacted business within the State of New York or engaged in other persistent course of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York, and/or derived substantial revenue from interstate commerce.

9. That at all times mentioned herein, defendant ALF, knew or should have reasonably known that its acts and business activities would have consequences within the State of New York.

10. Defendant ALF was, at all times relevant hereto, engaged in the business of designing, manufacturing, and selling fire apparatuses and other emergency vehicles.

11. At all times relevant hereto, defendant ALF regularly and continuously did business in the State of New York by selling and distributing its products to fire departments and fire companies throughout the State of New York.

12. Defendant ALF manufactured, sold, marketed, distributed, designed or otherwise placed into the stream of commerce fire and other emergency apparatuses that had defendant Federal Signal's sirens incorporated into the apparatuses.

13. Defendant Kovatch Mobile Equipment Corporation (hereinafter KME) is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

14. Defendant KME is a foreign corporation duly authorized to conduct business in the State of New York.

15. Defendant KME is a corporation doing business in the State of New York.

16. Defendant KME is organized, existing and/or doing business in the State of New York, pursuant to the laws of New York.

17. That at all times mentioned herein, defendant KME, transacted business within the State of New York or engaged in other persistent course of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York, and/or derived substantial revenue from interstate commerce.

18. That at all times mentioned herein, defendant KME, knew or should have reasonably known that its acts and business activities would have consequences within the State of New York.

19. Defendant KME was, at all times relevant hereto, engaged in the business of designing, manufacturing, and selling fire apparatuses and other emergency vehicles.

20. At all times relevant hereto, defendant KME regularly and continuously did business in the State of New York by selling and distributing its products to fire departments and fire companies throughout the State of New York.

21. Defendant KME manufactured, sold, marketed, distributed, designed or otherwise placed into the stream of commerce fire and other emergency apparatuses that had defendant Federal Signal's sirens incorporated into the apparatuses.

22. Defendant Seagrave Fire Apparatus, LLC (hereinafter Seagrave) is a corporation

organized and existing under the laws of the State of Delaware.

23. Defendant Seagrave is a foreign corporation duly authorized to conduct business in the State of New York.

24. Defendant Seagrave is a corporation doing business in the State of New York.

25. Defendant Seagrave is organized, existing and/or doing business in the State of New York, pursuant to the laws of New York.

26. That at all times mentioned herein, defendant Seagrave, transacted business within the State of New York or engaged in other persistent course of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York, and/or derived substantial revenue from interstate commerce.

27. That at all times mentioned herein, defendant Seagrave, knew or should have reasonably known that its acts and business activities would have consequences within the State of New York.

28. Defendant Seagrave was, at all times relevant hereto, engaged in the business of designing, manufacturing, and selling fire apparatus and other emergency vehicles.

29. At all times relevant hereto, defendant Seagrave regularly and continuously did business in the State of New York by selling and distributing its products to fire departments and fire companies throughout the State of New York.

30. Defendant Seagrave manufactured, sold, marketed, distributed, designed or otherwise placed into the stream of commerce fire and other emergency apparatuses that had Defendant Federal Signal's sirens incorporated into the apparatuses.

31. Defendant Mack Trucks, Inc. (hereinafter Mack) is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

32. Defendant Mack is a foreign corporation duly authorized to conduct business in the State of New York.

33. Defendant Mack is a corporation doing business in the State of New York.

34. Defendant Mack is organized, existing and/or doing business in the State of New York, pursuant to the laws of New York.

35. That at all times mentioned herein, defendant Mack, transacted business within the State of New York or engaged in other persistent course of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York, and/or derived substantial revenue from interstate commerce.

36. That at all times mentioned herein, defendant Mack, knew or should have reasonably known that its acts and business activities would have consequences within the State of New York.

37. Defendant Mack was, at all times relevant hereto, engaged in the business of designing, manufacturing, and selling fire apparatus and other emergency vehicles.

38. At all times relevant hereto, defendant Mack regularly and continuously did business in the State of New York by selling and distributing its products to fire departments and fire companies throughout the State of New York.

39. Defendant Mack manufactured, sold, marketed, distributed, designed or otherwise placed into the stream of commerce fire and other emergency apparatuses that had Defendant Federal Signal's sirens incorporated into the apparatuses.

40. Defendant Pierce Manufacturing, Inc. (hereinafter Pierce) is a corporation organized and existing under the laws of the State of Wisconsin.

41. Defendant Pierce is a foreign corporation duly authorized to conduct business in

the State of New York.

42. Defendant Pierce is a corporation doing business in the State of New York.

43. Defendant Pierce is organized, existing and/or doing business in the State of New York, pursuant to the laws of New York.

44. That at all times mentioned herein, defendant Pierce, transacted business within the State of New York or engaged in other persistent course of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York, and/or derived substantial revenue from interstate commerce.

45. That at all times mentioned herein, defendant Pierce, knew or should have reasonably known that its acts and business activities would have consequences within the State of New York.

46. Defendant Pierce was, at all times relevant hereto, engaged in the business of designing, manufacturing, and selling fire apparatus and other emergency vehicles.

47. At all times relevant hereto, defendant Pierce regularly and continuously did business in the State of New York by selling and distributing its products to fire departments and fire companies throughout the State of New York.

48. Defendant Pierce manufactured, sold, marketed, distributed, designed or otherwise placed into the stream of commerce fire and other emergency apparatuses that had defendant Federal Signal's sirens incorporated into the apparatuses.

49. Defendant, Federal Signal Corporation (hereinafter Federal Signal), is a corporation that, upon information and belief, is organized and existing under the laws of the State of Delaware.

50. Defendant Federal Signal is a foreign corporation duly authorized to conduct

business in the State of New York.

51. Defendant Federal Signal is a corporation doing business in the State of New York.

52. Defendant Federal Signal is organized, existing and/or doing business in the State of New York, pursuant to the laws of New York.

53. That at all times mentioned herein, defendant Federal Signal, transacted business within the State of New York or engaged in other persistent course of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York, and/or derived substantial revenue from interstate commerce.

54. That at all times mentioned herein, defendant Federal Signal, knew or should have reasonably known that its acts and business activities would have consequences within the State of New York.

55. Defendant Federal Signal was, at all times relevant hereto, engaged in the business of designing, manufacturing, and selling sirens.

56. At all times relevant hereto, defendant Federal Signal regularly and continuously did business in the State of New York by selling and distributing sirens for use in fire apparatus, including but not limited to, pump trucks, ladder trucks, paramedic vehicles, hook and ladders and other vehicles used by fire departments and fire companies throughout the State of New York.

57. Specifically, defendant Federal Signal has designed and marketed the "Q-Siren" for use on fire trucks.

58. Defendant Federal Signal has also designed and marketed the "e-Q2B" and various other sirens for use on fire trucks.

59. Defendant manufactured, sold, marketed, distributed, designed or otherwise placed into the stream of commerce as its own products, the "Q-Siren" (and sub-models thereof) and the "e-Q2B" (hereinafter collectively referred to as "sirens") for use in fire apparatus, including but not limited to, pump trucks, ladder trucks, paramedic vehicles, hook and ladders and other vehicles used by the City of Buffalo Fire Department which employed the Plaintiffs.

60. Plaintiffs were required to ride the aforementioned equipment to the scene of fires and other emergencies thereby exposing the Plaintiffs to loud and excessive noise levels.

61. Sirens emit intense noise at levels which, over time, are capable of causing permanent injury to human hearing. Sirens also emit high intensity sounds within a narrow frequency range which cause permanent injury to human hearing.

62. Repeated exposure to such intense noise emitted from the sirens has caused the Plaintiffs to suffer permanent hearing loss.

## VENUE

63. This Court is the proper venue for this case pursuant to CPLR § 503(a) as plaintiffs reside in the County of Erie. The actions, injuries, and damages alleged herein also occurred in the County of Erie, State of New York.

## JURISDICTION

64. This Court has personal jurisdiction over defendants as each defendant does business in New York such that it is reasonably foreseeable that they would be subject to the jurisdiction of the Courts of this State.

### COUNT I - STRICT LIABILITY - ALF, KME, MACK, PIERCE & SEAGRAVE

65. Plaintiffs incorporate by reference herein paragraphs 1 through 71 as if set forth at length.

66. The apparatuses manufactured, marketed, distributed and/or sold by defendants

were in a defective condition in one or more of the following aspects:

    (a)    The vehicles were not designed with a fully enclosed crew cab thereby inviting excessive noise to infiltrate the crew compartment;

    (b)    The crew compartments of the vehicles lacked sufficient sound insulation or other noise dampening measures that would lower the intense noise produced by Federal Signal's sirens to a level that was not dangerous to the firefighters who rode aboard their products.

    (c)    The placement and mounting of the sirens on the apparatuses failed to minimize and/or contributed to the infiltration of excess sound from the sirens into the crew compartment.

    (d)    The defendants failed to test their various apparatuses to determine if the sound levels in the crew compartments were within industry and governmental standards.

67. Said defects existed at the time the products left the manufacturer.

68. In their marketing, distribution and selling of apparatuses, defendants provided no warnings or inadequate warnings to consumers and end users, like the plaintiffs, about the danger posed by the noise emitted by the sirens.

69. Repeated exposure over a period of time to the noise emitted by Federal Signal's sirens, on the various apparatus and/or vehicles manufactured by the defendants and used by plaintiffs, has directly and proximately caused permanent, irreversible hearing loss to plaintiffs who are consumers and end users of defendants' products.

70. As a result of the injuries sustained by plaintiffs, each has suffered a permanent decrease of their hearing and thereby has suffered a diminution in their ability to enjoy life and life's pleasures.

71. Plaintiffs have incurred and will incur medical and other expenses in connection with their hearing loss.

72. ALF, KME, and Seagrave are strictly liable to plaintiffs for their hearing loss.

WHEREFORE, plaintiffs demand a money judgment in a sum that exceeds the

jurisdictional limits of all lower courts, which would otherwise have jurisdiction, against defendants American LaFrance, Kovatch Mobile Equipment Corporation, Seagrave Fire Apparatus, LLC, Mack Truck and Pierce Manufacturing, together with the costs and disbursements of this action and such other relief as the Court may deem just and proper.

### **COUNT II - NEGLIGENCE - ALF, KME, MACK, PIERCE & SEAGRAVE**

73. Plaintiffs incorporate by reference herein paragraphs 1 through 79 as if set forth at length.

74. Defendants are under a duty to manufacture, market, promote, distribute, sell vehicles with adequate insulation or sound dampening and to use reasonable care to avoid inflicting physical harm or injury to the consumer or end user of its products such as the plaintiffs.

75. Defendants breached their duty to the plaintiffs in that:

   (a) Defendants knew or should have known that the products it manufactured, marketed, advertised, promoted, distributed and sold were inherently dangerous, defective and hazardous to human hearing in that they allowed too much siren noise to infiltrate the crew areas;

   (b) Defendants failed to use reasonable care in warning consumers or end users that repeated and/or prolonged exposure to the noise levels in the crew areas would be harmful to human hearing;

   (c) Defendants failed to use reasonable care to test their products to determine if the noise levels in the crew areas, when sirens were in operation, was harmful to hearing;

   (d) Defendants failed to use reasonable care to design, test and develop crew cabs that would allow the use of a siren and still maintain adequate sound dampening so that the siren's noise did not harm the occupants; and

   (e) Defendants failed to use reasonable care to render their products safe or to provide sufficient safeguards to allow the use of the sirens by plaintiffs.

76. As a direct and proximate result of defendants' negligence, plaintiffs have suffered irreversible hearing loss due to exposure to the intense noise emitted by Federal Signal's products which infiltrated the crew areas of the defendants' apparatuses.

77. As a result of the injuries sustained by plaintiffs, each has suffered a permanent decrease of their hearing and thereby has suffered a diminution in their ability to enjoy life and life's pleasures.

78. Plaintiffs have incurred and will incur medical and other expenses in connection with their hearing loss.

WHEREFORE, plaintiffs demand a money judgment in a sum that exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction, against defendants American LaFrance, Kovatch Mobile Equipment Corporation, Seagrave Fire Apparatus, LLC, Mack Truck and Pierce Manufacturing, together with the costs and disbursements of this action and such other relief as the Court may deem just and proper.

## COUNT III - BREACH OF IMPLIED WARRANTIES - ALF, KME, MACK, PIERCE & SEAGRAVE

79. Plaintiffs incorporate by reference herein paragraphs 1 through 85 as if set forth at length.

80. In connection with the sale of its products to Fire Departments, the defendants warranted, by implication that their fire apparatus were without defect, were of good and merchantable quality and were safe and fit for their intended use.

81. The defendants' apparatuses were not of good and merchantable quality and were not safe and fit for their intended use in that repeated exposure to the intense noise emitted by Federal Signal's sirens caused permanent and irreversible hearing loss.

82. Plaintiffs' employer, the City of Buffalo Fire Department, relied on the warranties

in purchasing the defendants' fire apparatuses.

83. Plaintiffs relied on said warranties in using defendants' fire apparatus equipped with Federal Signal's sirens.

84. The defects existed at the time of distribution and sale of the apparatuses.

85. Defendants breached the implied warranties by distributing and selling the fire apparatuses in a defective condition.

86. As a direct and proximate result of defendants' breach of warranties, plaintiffs have suffered irreversible hearing loss due to exposure to the intense noise emitted by Federal Signal sirens which was unabated by defendants' apparatuses.

87. As a result of the injuries sustained by plaintiffs, each has suffered a permanent decrease of their hearing and thereby has suffered a diminution in their ability to enjoy life and life's pleasures.

88. Plaintiffs have incurred and will incur medical and other expenses in connection with their hearing loss.

WHEREFORE, plaintiffs demand a money judgment in a sum that exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction, against defendants American LaFrance, Kovatch Mobile Equipment Corporation, Seagrave Fire Apparatus, LLC, Mack Truck and Pierce Manufacturing, together with the costs and disbursements of this action and such other relief as the Court may deem just and proper.

**COUNT IV - STRICT LIABILITY - FEDERAL SIGNAL**

89. Plaintiffs incorporate by reference herein paragraphs 1 through 95 as if set forth at length.

90. The sirens were manufactured, marketed, distributed and/or sold by defendant Federal Signal in a defective condition in that the sirens emit intense omni-directional noise at a

pitch and decibel level which is unreasonably dangerous to the plaintiffs. The defects existed at the time the products left the manufacturer.

91. In its marketing, distribution and selling, Federal Signal provided no warnings or inadequate warnings to consumers and end users, like the plaintiffs, about the dangerous propensities of the noise emitted by the sirens.

92. Repeated exposure over a period of time to the noise emitted by Federal Signal's sirens, on the various apparatus and/or vehicles used by plaintiffs, has directly and proximately caused permanent, irreversible hearing loss to plaintiffs who are a consumer and end user of Defendant's products.

93. As a result of the injuries sustained by plaintiffs, each has suffered a permanent decrease of their hearing and thereby has suffered a diminution in their ability to enjoy life and life's pleasures.

94. Plaintiffs have incurred and will incur medical and other expenses in connection with their hearing loss.

95. Federal Signal is strictly liable to plaintiffs for their hearing loss.

WHEREFORE, plaintiffs demand a money judgment in a sum that exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction against defendant Federal Signal Corp., together with the costs and disbursements of this action and such other relief as the Court may deem just and proper.

## COUNT V - NEGLIGENCE - FEDERAL SIGNAL

96. Plaintiffs incorporate by reference herein paragraphs 1 through 102 as if set forth at length.

97. Defendant is under a duty to manufacture, market, promote, distribute, sell and install sirens on vehicles with reasonable care to avoid inflicting physical harm or injury to the

15

consumer or end user of its products such as the plaintiffs.

98. Defendant breached its duty to the plaintiffs in that:

(a) Defendant knew or should have known that the products it manufactured, marketed, advertised, promoted, installed, distributed and sold were inherently dangerous, defective and hazardous to human hearing;

(b) Defendant failed to use reasonable care in warning consumers or end users that repeated and/or prolonged exposure to the noise emitted by its products would be harmful to human hearing;

(c) Defendant failed to use reasonable care to test its products to determine if the noise emitted when the products were in operation was harmful to hearing;

(d) Defendant failed to use reasonable care to design, test and develop sirens which were safe to human hearing; and

(e) Defendant failed to use reasonable care to render its products safe or to provide sufficient safeguards for the use of the sirens by plaintiffs.

99. As a direct and proximate result of Federal Signal's negligence, plaintiffs have suffered irreversible hearing loss due to exposure to the intense noise emitted by Federal Signal's products.

100. As a result of the injuries sustained by plaintiffs, each has suffered a permanent decrease of their hearing and thereby has suffered a diminution in their ability to enjoy life and life's pleasures.

101. Plaintiffs have incurred and will incur medical and other expenses in connection with their hearing loss.

WHEREFORE, plaintiffs demand a money judgment in a sum that exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction, against defendant Federal Signal Corp., together with the costs and disbursements of this action and such other relief as the Court may deem just and proper.

## COUNT VI – BREACH OF IMPLIED WARRANTIES-FEDERAL SIGNAL

102. Plaintiffs incorporate by reference herein paragraphs 1 through 108 as if set forth at length.

103. In connection with the sale of its products to Fire Departments, Federal Signal Corporation warranted, by implication, that its sirens on fire apparatus were without defect, were of good and merchantable quality and were safe and fit for their intended use.

104. Federal Signal's sirens were defective, were not of good and merchantable quality and were not safe and fit for their intended use in that repeated exposure to the intense noise emitted by defendant's products cause permanent and irreversible hearing loss.

105. Plaintiffs' employer, the City of Buffalo Fire Department, relied on the implied warranty in purchasing fire apparatus equipped with said sirens.

106. Plaintiffs relied on said implied warranty in using fire apparatus equipped with the sirens.

107. The defects existed at the time of distribution and sale of the sirens.

108. Federal Signal breached such the implied warranty by distributing and selling the sirens in their defective condition.

109. As a direct and proximate result of defendant's negligence, plaintiffs have suffered irreversible hearing loss due to exposure to the intense noise emitted by defendant's products.

110. As a result of the injuries sustained by plaintiff, each has suffered a permanent decrease of their hearing and thereby has suffered a diminution in their ability to enjoy life and life's pleasures.

111. Plaintiffs have incurred and will incur medical and other expenses in connection with their hearing loss.

WHEREFORE, plaintiffs demand a money judgment in a sum that exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction, against defendant Federal Signal Corp., together with the costs and disbursements of this action and such other relief as the Court may deem just and proper.

**WHEREFORE**, plaintiffs, JAMES J. WREST, JOEL B. ZADVORNEY, AND DAVID G. ZWAWA, pray for judgment against the defendants in the CAUSES OF ACTION alleged herein granting plaintiffs damages, together with the costs and disbursements of this action, and states that the amount of damages sought herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

Dated:  New York, New York
        September 17, 2014

Yours, etc.,

NAPOLI BERN RIPKA SHKOLNIK, LLP
*Attorneys for Plaintiffs*

_____
Marc J. Bern, Esq.
350 Fifth Avenue, Suite 7413
New York, New York 10118
(212) 267-3700

## **VERIFICATION**

I, **MARC J. BERN,** am an attorney duly admitted to practice law in the Courts of this State, and I affirm the following under penalties of perjury:

I am the attorney for the plaintiffs in the above entitled-action. I have read the foregoing **SUMMONS & VERIFIED COMPLAINT** and know the contents thereof and, upon information and belief, believe after an inquiry reasonable under the circumstances the matters alleged herein to be true, and that the contentions herein are not frivolous, as that term is defined in 22 NYCRR § 130-1.1(c).

The reason this verification is made by me and not by plaintiffs is that the plaintiffs reside in a County other than the County in which I maintain my office.

The source of my information and the grounds of my belief are communications, papers, reports and investigations contained in the file maintained by this office.

Dated: New York, New York
      September 17, 2014

                                                        Marc J. Bern